IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADAM B. KRAFCZEK, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| EXIDE CORPORATION | : | NO. 00-1965 |
| | : | |
| | : | |
| O'NEILL, J. | : | APRIL 19, 2007 |

MEMORANDUM

Plaintiffs Adam B. Krafczek, Sr., and Nancy Saylor Gregory, Co-Executors of the Estate of Josephine A. Saylor, (hereinafter "plaintiffs") brought this action on April 14, 2000, against Exide Corp.[1] based on Exide's contamination of plaintiffs' property in Muhlenberg Township, Berks County. Plaintiffs ask me to compel Exide to decontaminate plaintiffs' property under the Resource Conservation and Recovery Act (RCRA).[2] Before me now are Exide's motion to dismiss and plaintiffs' response thereto.

STATEMENT OF FACTS

Plaintiffs filed this suit in April 2000 as a citizen suit under RCRA section 7002 against Exide requesting me to compel Exide to decontaminate their property to a level that is consistent

---

[1] The original Complaint was against Exide Corp. and General Battery Corp. but after a merger and name change the actual party-defendant is Exide Technologies, Inc. I will hereinafter refer to the defendant as Exide.

[2] Plaintiffs recognize that they cannot continue to pursue the second count of their complaint, brought pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), requesting reimbursement of all response costs incurred by plaintiffs. Plaintiffs cannot continue to advance claims for money damages because of defendant's bankruptcy filing.

1

with unrestricted residential use. Exide operated a facility that recycled used lead-acid batteries and battery parts, operated a secondary lead smelter, and manufactured lead batteries near plaintiffs' property. The recycling process included the storage of used batteries and battery parts prior to reclamation, the collection and treatment of spent battery acid, and the generation of sludge from the emission control device for the secondary lead smelter. Plaintiffs' complaint alleges that lead dust from Exide's facility has contaminated plaintiffs' property.

Lead is a toxic metal linked with adverse human effects including but not limited to systemic and organ toxicity, blood disorders, learning disabilities, development delays, cardiovascular disease, kidney disease, hypertension, joint pain, chronic fatigue, and immune system damages. Humans can absorb lead into their bodies by ingesting, inhaling, or touching different sources of lead, including contact with industrially generated lead fumes or particulate, contact with wind borne lead, and/or contact with lead in soil. Lead also has a deleterious effect upon plant and animal life.

On August 21, 2000, in the prior RCRA citizen suit L.E.A.D. Group v. Exide, the EPA issued an Administrative Order on Consent ("AOC") requiring defendant to "develop and implement plans to assure that properties at or exceeding the cleanup levels determined under this Consent Order receive proper remediation to achieve levels that assure protection of the human health and the environment." Plaintiffs' property was included as one of the properties covered by the AOC. Remediation and cleanup was supposed to be complete by October 2005. Exide has remediated only a small part of plaintiffs' property.[3]

---

[3]I express no view as to whether the AOC survives Exide's bankruptcy or whether the plaintiffs have enforceable rights under the AOC. Plaintiffs' complaint was filed before the AOC was issued and they have not moved to amend their complaint to include a count seeking specific

On April 15, 2002, Exide filed a petition to reorganize under Chapter 11 of the United States Bankruptcy Code before the United States Bankruptcy Court for the District of Delaware. On April 20, 2004, the Bankruptcy Court entered a final Order approving the Joint Plan of Reorganization submitted by Exide and its creditors.  Among other things, the final Order approving the bankruptcy plan contains a permanent injunction and discharge enjoining the continuation or prosecution of all claims submitted to or administered in the bankruptcy proceedings.  Plaintiffs' claim requested monetary damages resulting from the contamination, but did not seek compensation for the remediation of the Real Estate because that remediation was to be undertaken by Exide pursuant to the Consent Decree.  Both counsel have confirmed that the bankruptcy plan does not address the contamination on plaintiffs' property.

After Exide's bankruptcy petition I placed this case in civil suspense.  It was returned to the current docket on June 22, 2005.  In their motion to dismiss defendant argues that plaintiffs' claim is barred and discharged by the final injunction issued by the Bankruptcy Court.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6) (2007). In ruling on a 12(b)(6) motion I must accept as true all well-pleaded allegations of fact and any reasonable inferences that may be drawn therefrom, in plaintiff's complaint and must determine whether "under any reasonable reading of the pleadings, plaintiffs may be entitled to relief." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citations omitted).  Nevertheless, in evaluating plaintiff's pleadings I will not credit any "bald assertions."  In re Burlington Coat Factory Sec.

---

enforcement of the Order.

Litig., 114 F.3d 1410, 1429 (3d Cir. 1997).  Nor will I accept as true legal conclusions or unwarranted factual inferences.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  "The complaint will be deemed to have alleged sufficient facts if it adequately put the defendant on notice of the essential elements of the plaintiff's cause of action."  Nami, 82 F.3d at 65.  A Rule 12(b)(6) motion is proper only if the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief."  Conley, 355 U.S. at 45-46.

DISCUSSION

Pursuant to the Bankruptcy Code, debts, or liabilities on claims, are dischargeable in Chapter 11.  11 U.S.C. § 101(12) (2007).  A claim is defined as a:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

Id. § 101(5).  Exide argues that plaintiffs' request that Exide clean up plaintiffs' property is a claim and was thus discharged under the Joint Plan of Reorganization.  Plaintiffs recognize that under the Bankruptcy Code and defendant's plan they are enjoined from prosecuting "claims" against defendant.  They argue, however, that their action survives because it is not a "claim" under the Court of Appeals' decision in In re Torwico Electronics, Inc., 8 F.3d 146 (3d Cir. 1993).

In Torwico, the State of New Jersey demanded that the debtor company act to ameliorate an ongoing hazard.  Id. at 148.  The Court held that Torwico's obligations under an administrative order did not constitute a claim.  Id. at 150.  Although an injunction "may still

4

present a 'claim'" if it is merely a repackaged claim for damages, "a debtor cannot maintain an ongoing nuisance in direct violation of state environmental laws [and t]he state can exercise its regulatory powers and force compliance with its laws, even if the debtor must expend money to comply." Id.

Torwico, however, is not on all fours with this case. Torwico involved a state's right to force an environmental cleanup and the present case concerns an individual's ability to do so. The Court's decision in Torwico was grounded on the "state's inherent regulatory and police powers." 8 F.3d at 151. A state can exercise its regulatory powers and force compliance with its laws; but individual plaintiffs may not. Plaintiffs in this case do not possess these powers and thus differ from the plaintiff in Torwico.[4] Their request for a mandatory injunction does not fall under the narrow exclusion for state environmental law enforcement actions recognized in Torwico. Therefore, their decontamination request is a "claim" barred by the Bankruptcy Court's final injunction and their complaint will be dismissed.[5]

An appropriate Order follows.

---

[4] Because I find that the holding of Torwico only applies to states' ability to enforce their environmental laws, I need not discuss whether plaintiffs' claim is merely a repackaged claim for damages. I offer no opinion on that matter.

[5] Exide also argues that plaintiffs have failed to state a claim under RCRA because any remedial relief is barred by the EPA's AOC and by the relief awarded in L.E.A.D. Group v. Exide on November 21, 2000. I need not discuss this argument because I have held that the RCRA claim is barred by the final injunction.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADAM B. KRAFCZEK, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| EXIDE CORPORATION | : | NO. 00-1965 |

ORDER

And now, this 19th day of April 2007, upon consideration of defendant Exide's motion to dismiss and the response thereto of plaintiffs Adam B. Krafczek, Sr., and Nancy Saylor Gregory, Co-Executors of the Estate of Josephine A. Saylor, it is ORDERED that defendant's motion to dismiss is GRANTED. Judgement is entered in favor of defendant and against plaintiff.

                                                s/Thomas N. O'Neill, Jr.
                                                THOMAS N. O'NEILL, JR., J.